*CLOSED*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MIGUEL FRIAS-SOTO, | : | **Civil Action No. 15-3100 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| FRUTOS REAL ESTATE PARTNERS, | : | |
| LLC et al., | : | |
| | : | |
| Defendants. | : | |

---

**CHESLER, District Judge**

     This matter comes before the Court on the motion to dismiss the Complaint by Defendant Frutos Real Estate Partners, LLC ("Frutos"). For the reasons stated below, the motion will be granted in part and denied in part, and the action will be transferred.

     Frutos moves to dismiss the Complaint on two grounds: 1) venue is improper; and 2) the Complaint fails to state a negligence claim. Because this Court agrees that the District of New Jersey is not the proper venue, it need not reach Defendant's argument as to the negligence claim. This aspect of the motion to dismiss will be denied without prejudice, so that it may be renewed after transfer.

     The federal venue statute, 28 U.S.C. § 1391(b), states:

> Venue in general. A civil action may be brought in--
>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action.

Defendant argues that venue is not proper in the District of New Jersey because: 1) Defendant is located in Pennsylvania; 2) the Complaint alleges that the event giving rise to Plaintiff's claim occurred in Pennsylvania; and 3) this action could have been brought in the Eastern District of Pennsylvania.  As a result, the District of New Jersey is not a proper venue for this action.  Defendant is correct in this analysis.

In opposition, Plaintiff contends that venue in this District is proper because Defendant contacted Plaintiff when Plaintiff was in New Jersey, and much of Plaintiff's medical treatment has been in New Jersey.  These do not constitute a substantial part of the events giving rise to the negligence claim.  In the alternative, Plaintiff asks that this Court transfer venue, pursuant to 28 U.S.C. § 1406(a).  It is in the interests of justice to do so.  This action shall be transferred to the United States District Court for the Eastern District of Pennsylvania.

For these reasons,

**IT IS** on this 24th day of August, 2015,

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 7) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that this case is hereby **TRANSFERRED**, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of Pennsylvania.


   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

2